[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a partition action at which evidence was taken. Prior to the filing of a memorandum of decision by the undersigned the parties proposed a stipulation for judgment. The undersigned herein approves the stipulation for judgment as consented to by the parties and judgment may enter in accordance with the stipulation as follows:
This action, by writ and complaint, claiming a partition or sale of
All that certain piece or parcel of land with all the buildings and all other improvements thereon, situated in the CT Page 2366 Town of New Haven, County of New Haven and State of Connecticut, known as #40-42 Fairfield Street, and bounded:
 NORTH by Fairfield Street, fifty-four feet, nine and three-eighths inches;
 WEST by land formerly of Max Burack and William Greenhouse, more lately of Dorothy Burak, one hundred and thirty-four feet, eleven inches, more or less, said Westerly line being a straight line drawn at right angles to the Southerly line of Fairfield Street;
 SOUTH by land now or formerly of George W. Austin, forty-four feet, five and three-eighths inches, more or less;
 EAST by land now or formerly of Abraham Lander, fifty-eight feet, nine inches more or less;
 SOUTH again by land now or formerly of Abraham Lander, eighteen feet, four and one-half inches, more or less;
 EAST again by land formerly of Max Burack and William Greenhouse, more lately of Ralph E. Herman, seventy-six feet, more or less.
and other relief, came to this court on May 2, 1989 and thence to the present time when all the parties appeared and filed a written stipulation that judgment be entered as hereinafter set forth.
The Court, having heard the parties finds that a judgment of partition by sale should be entered on the stipulation of August 3, 1990 including their agreement that the partnership known as WEINBAUER ENTERPRISES shall, through its managing partner Helen Bauer as of the date of the execution of the partnership agreement transfer and convey, by quitclaim deed to the four partners, all of the right, title and interest WEINBAUER ENTERPRISES in and to the property located at and known as No. 40-42 Fairfield Street in the City of New Haven, State of Connecticut. Thus, the interest of the parties in the property is as follows: the plaintiffs and the defendant co-owners hold the real estate as tenants in common and each has an undivided one-quarter interest; and in the opinion of the court, a sale will better promote the interest of the parties.
The above-described property shall be listed for sale by an unrelated third party realty company to which none of the CT Page 2367 parties has any connection or affiliation, and the property shall be listed for a selling price agreeable to all the parties but in no event less than $205,000.00, and all parties shall execute the listing agreement, any contract of sale to a purchaser brought by the listing agent and any deed of conveyance necessary or required to transfer property to a purchaser; and the listing agreement shall terminate by its terms on November 30, 1990 and in the event the listing agent has not sold the property by November 30, 1990 the property shall be sold at judicial sale as hereinafter set forth, and in the event any of the parties procures a customer and is, or would be entitled by law to share in the sales commission, then and in that event that person shall be permitted to share in and obtain a portion of the selling commission, and in the event the property is not sold at private sale or on or before November 30, 1990 it is ordered that the property be sold and that Thomas F. Keyes, Jr. of New Haven is appointed as a committee to sell the property above described; that he shall sell the property as a whole, free and clear of all claims against the property, the holders of which are bound by this action, at public auction at the premises, to wit #40-42 Fairfield Street in the City of New Haven on February 1, 1991 at 11:00 a.m. in the forenoon (EST) to the highest bidder; that he shall advertise such sale in the New Haven Register on January 10, 1991, January 17, 1991 and January 27, 1991 and by placing a sign on the premises advertising said sale on or before January 4, 1991 that the committee shall obtain liability insurance protection for the premises; that the purchaser shall deposit with the committee at the time of the sale the sum of $20,000.00 cash, certified check or bank check, the balance to be paid within thirty days after the approval of the sale upon tender of the deed, and that the deposit be forfeited if the purchaser shall default in completing the transaction that when such sale has been made, the committee shall execute and submit for the approval of this court a conveyance of the property to the purchaser, and make a return of his doings and pay to the clerk of this court the proceeds of such sale; and that the reasonable costs and expenses of the sale shall be paid out of the proceeds thereof and the Committee for Sale appointed by this Court herein shall not begin any work in connection therewith until December 21, 1990 and there shall be no restrictions as to whom may bid on the property and all of the parties, or any of them may bid to purchase the property at the time and place of sale.
Arthur H. Healey State Trial Referee